Mary HUDSON, Plaintiff-Appellant,

v.

STATE SECURITY INSURANCE COM-
PANY, Defendant-Respondent.

No. 38156.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 16, 1977.

David L. Rapp, Clayton, for plaintiff-appellant.

Edward K. Fehlig, Ziercher, Hocker,
Tzinberg, Human & Michenfelder, Clayton,

David L. Pentland, St. Louis, for defendant-respondent.

DOWD, Judge.

This is an appeal from a summary judgment entered in favor of defendant. Plaintiff brought this action for damages, alleging that automobile insurance coverage issued by defendant was in effect at the time plaintiff's automobile sustained damage in an accident, and that defendant has refused to reimburse plaintiff according to the terms of the contract.

The undisputed facts are that on May 10, 1974, defendant issued to plaintiff a Combined Private Passenger Automobile, Bodily Injury, Property Damage and Collision Policy. On July 2, 1974, 53 days later, defendant mailed plaintiff a notice of cancellation, received by plaintiff on July 7, 1974. The effective date of cancellation indicated in the notice was July 14, 1974, 65 days after issuance of the coverage. On July 20, 1974, plaintiff sustained damage to her automobile in the amount of $900, for which she sought recovery under the contract.

The trial judge granted defendant's motion for summary judgment, finding that the contract for insurance was not in force on the date of the accident. Plaintiff appeals. We affirm.

■ Whether the policy was in effect on the date of the accident depends upon the application of § 379.110(3) and § 379.114 RSMo Supp. 1974, which states in part:

"379.110. Definitions

As used in sections 379.110 to 379.120 the following words and terms mean:

\* \* \* \* \* \*

(3) 'Policy' means an automobile policy providing automobile liability coverage . . . or automobile physical damage coverage insuring a private passenger automobile owned by an individual or partnership which has been in effect for more than 60 days or has been renewed.

. . .

"379.114. *Reasons for Cancellation*

1. Except as provided in sections 379.110 to 379.120, no insurer shall *exercise its right to cancel a policy* except for the following reasons:

(1) Nonpayment of premium; or

(2) The driver's license of the named insured has been under suspension or revocation at any time during the policy period. . . ." (Emphasis added).

The issue in this case is whether these sections require that the effective date of cancellation be within the first 60 days of coverage, thus prohibiting respondent from cancelling its insurance contract because of its failure to comply with the time requirements of said statute. Or whether it is sufficient that the company exercise its right to cancel by the mailing of the notice within the initial 60 days, when the effective date of cancellation is beyond the 60 day period. We agree with the latter construction of these statutes.

These sections have not yet been construed by the courts. The definition of "policy" in § 379.110(3), stated in the terms of the number of days it is in effect, appears to prohibit a cancellation whose effective date is beyond that restrictive number, except for the reasons listed in § 379.114.1. Plaintiff advocates this construction. However, the use of the phrase "exercise its rights to cancel" in § 379.114.1 seems to focus upon the initiation of the cancellation process rather than its conclusion on the effective date. Defendant argues that this section's (379.114) reference to § 379.110, "except as provided in sections 379.110 to 379.120 . . . ," implies that the insurer may exercise its right to cancel coverage which has not yet matured, by the passage of 60 days, into a policy.

■ The separate provisions of a statute are to be construed together and harmonized as parts of a whole, *State v. Paul*, 437 S.W.2d 98, 103 (Mo.App.1969), and every word, clause, and sentence must, if possible, be given effect. *Stewart v. Johnson*, 398 S.W.2d 850, 853 (Mo.1966). The legislature's choice, in § 379.114.1, of the phrase "exercise its right to cancel" instead of a mere "cancel" or "effect cancellation" is significant, and its explicit reference to other sections, point to defendant's construction. Further, C.J.S. discussion of notice of cancellation in 45 C.J.S. Insurance § 450b(1), states:

"The notice must clearly and unequivocally show a present cancellation, which will take effect at the expiration of the period of notice prescribed by the policy or statute; and the statement of a mere intent or desire to cancel at some time in the future . . . is not sufficient." This statement is consistent with the principle that the issuing of a notice of cancellation is the exercise of an insurer's right to cancel.

Appellant's second argument is that the ten day notice of cancellation provision in the insurance contract causes an ambiguity, and that an ambiguous insurance contract should be construed in favor of the insured. We disagree that the insurance contract is ambiguous. It simply provides a 10 day notice for cancellation. The 10 day notice of cancellation in the insurance contract is for the benefit of the insured, in order to allow him time to obtain coverage from another company. Plaintiff is simply using the contract provision to support her construction of the statute, by implying that the statute becomes difficult to apply when such a contract provision exists. This argument would warrant consideration only if the statute required a notice provision. The statute does not require a notice provision in order to cancel during the 60 day period.

Neither party disputes the fact that §§ 379.110 to 379.120 are remedial in nature in that they limit the cases in which an insurer may cancel or refuse to write a policy. These statutes require notice and specific requirements for cancellation. *See* sections 379.118 and 379.120.

When a statute is remedial and its overall purpose is plain, it will be construed broadly and liberally to effect its plain purpose. *Derboven v. Stockton*, 490 S.W.2d 301, 309 (Mo.App.1972). "Remedial legislation will be construed so as to suppress the mischief sought to be prevented." *Derboven*, supra, p. 309. Our construction of these statutes would be consistent with their remedial purpose. It is clear that the

purpose of these statutes is to give the insurer a 60 day probationary period to determine whether it will exercise its option to cancel the policy, or thereafter be bound except for two exceptions not applicable here. The decision to cancel would still have to be made and notice of it issued during the initial 60 days. The end result of adopting plaintiff's position would be to reduce the insurer's decision making time from 60 to 50 days, not by reason of the statute, but by reason of the contract provision for a 10 day notice. Further, in a case where an insurer did not include a notice provision in its policy, cancellation could conceivably be upon immediate notice.[1] Thus we believe our construction would inure to the benefit of a policy holder and carry out the remedial purpose of the statutes.

Next, plaintiff relies on a favorable interpretation of these statutes by the Missouri Division of Insurance issued on October 16, 1974. This interpretation is as follows: "If an insured has had protection under an automobile insurance contract for over sixty (60) days, he shall receive all the protection of § 379.120 RSMo.1973. Therefore, if the effective date of cancellation is sixty-one (61) days after the contract has been in effect, the insurance company can cancel only for the reasons enumerated in § 379.114 RSMo.Supp. 1973, and must give the thirty (30) days notice of cancellation required by § 379.-118 RSMo.Supp.1973. If the effective date of cancellation is prior to sixty-one (61) days after the insurance contract would have been in effect, the statutory safeguards shall not be available."

When there is doubt and ambiguity as to the meaning of a statute the court should, and does, consider the practical construction placed upon the act by the agency charged with its administration, although such construction is not binding upon the court. *State v. Public Service Commission*, 307 S.W.2d 361[9] (Mo.App.1957). The law

1. Section 379.118 requires a 30 day notice of cancellation if the policy has been in effect more than 60 days.

governing appellate court's power to rule on the interpretation of a statute by an administrative body is promulgated in *Kroger Company v. Industrial Com'n of Missouri*, 314 S.W.2d 250, 254 (Mo.App.1958) as follows: "An interpretation of a statute by an administrative body does not preclude, restrict, or control the right of a complete review of such issue by the appellate court."

We disagree with the interpretation of these statutes by the Missouri Division of Insurance. If the court were to follow this interpretation the result would be unreasonable and contrary to the obvious intent of the statutes. Both parties admit that the purpose of the statutes is remedial, to prevent cancellation at will, at any time for no particular reason. It is obvious that the purpose of the 60 day probationary period is to give the insurer an opportunity to make an underwriting determination whether to accept the insured as a risk. To hold that §§ 379.110–379.114 RSMo permit cancellation only when the effective date of a cancellation notice is within the 60 day probationary period is to oppose the plain language and intent of § 379.114 RSMo. Compliance with the statutes is had provided the insurer exercise its option to cancel during the 60 day period even though the date of cancellation is beyond the 60 day period.

■ This court is not bound by the administrative interpretation of these statutes. We disagree with the interpretation given here and hold that it is inconsistent with the legislative purpose and intent of the statutes.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.