**HARRY H. HOUF & SONS,
CONTRACTORS, INC.,**
Plaintiff/Respondent,

v.

**CITY OF WELLSVILLE, Defendant,**

Hardy's, Inc., Intervenor/Appellant.

No. 57268.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 2, 1990.

Steven Eugene Raymond, Shelbyville, for intervenor-appellant.

Louis J. Leonatti, Ann P. Hagan, Mexico, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant Hardy's, Inc., (hereinafter Hardy's) appeals from the trial court's judgment invalidating a contract between it and the City of Wellsville for improvements to the City's waste treatment facility. We reverse.

The City of Wellsville is a fourth class city. The City owned a one-cell sewage lagoon, which proved to be inadequate to meet the requirements of the Missouri De-

partment of Natural Resources for sewage treatment and disposal. The improvements planned for consist of two additional lagoon cells so as to convert to a three-stage treatment process. The City received a grant from the Department of Natural Resources to cover ninety percent of the cost. The remaining ten percent is to be paid from general revenue funds of the City. No special assessments or tax bills have been implemented or approved by the City.

The City hired Miller Associates, an engineering firm, to prepare estimates and specifications for the project. Miller Associates estimated the cost of the project would be $213,000. On November 30, 1988, bids were opened. The lowest bid received was $237,255 by appellant Hardy's. Plaintiff/respondent Henry H. Houf & Sons, Contractors, Inc., (hereinafter Houf) submitted the second lowest bid, $238,000. The Board of Aldermen of the City met on December 21, 1988. Of the six bids received, four were determined to be nonresponsive due to incomplete paperwork. One of those four was Hardy's bid. Of the two remaining bidders, respondent was the lower bidder and was awarded the contract.

Sometime in February, 1989, the Department of Natural Resources notified the City it would not provide the grant money unless the contract was awarded to the lowest bidder, which was Hardy's. On February 24, 1989, the Board of Aldermen awarded the contract to Hardy's. Respondent protested in writing to the City on February 28, 1989, and to the Environmental Protection Agency on March 8, 1989. On April 12, 1989, the regional counsel for the Environmental Protection Agency ruled in favor of awarding the contract to Hardy's.

Houf, as a taxpayer of the City of Wellsville, then instituted this action against the City seeking a declaration that the contract between Hardy's and the City was in violation of Section 88.824 of the Revised Missouri Statutes and was invalid. Hardy's intervened. A hearing on the matter was held on August 11, 1989. On August 14, 1989, the court, in voluntary findings of fact and conclusions of law, ruled the con-

tract between the City and Hardy's to be void *ab initio*.

■ Our standard of review in court-tried cases is guided by the principles enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): we must affirm the judgment of the trial court unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

■ Hardy's first point on appeal asserts the trial court erred in finding Houf had standing as a taxpayer to sue to void the contract between the City and Hardy's. This contention does not question the fact that Houf pays taxes to the City but rather is based upon the concept that taxpayer standing requires pleading and proof not only of the illegal expenditure of public funds, but also that the taxpayer will suffer a direct pecuniary loss in the form of an increased tax burden. This requirement has been eliminated by *Eastern Missouri Laborers District Council, et al. v. St. Louis County, et al.*, 781 S.W.2d 43 (Mo. banc 1989). In that case the Supreme Court conferred standing to challenge the legality of actions of public officials upon a taxpayer "able to demonstrate a direct expenditure of funds generated through taxation." *Id.* at 47. Thus in Missouri, the door is now open for any taxpayer to sue to enjoin the spending of any public fund to which his taxes have contributed. The trial court found on undisputed evidence that Houf paid taxes to the general revenue of the City of Wellsville. The fact that no increase in taxes and no assessment will be necessary to pay the City's ten percent share of the cost of the sewage treatment improvement is irrelevant to a taxpayer's standing to maintain this action. Point denied.

Houf's remaining points relate to its claim the trial court erred in ruling the contract was invalid because of a violation of § 88.824 RSMo.1986, which provides:

> Before the governing body of the municipality shall make any contract for building bridges, sidewalks, culverts or sewers, or for paving macadamizing, curb-

ing, paving, guttering or grading any street, avenue, alley or other highway, or building any other improvements authorized herein, an estimate of the cost thereof shall be made by the engineer or other proper officer or person designated by ordinance and submitted to the governing body of the municipality, and no contract shall be entered into for any work or improvement for a price exceeding the estimate; provided, that no estimate shall be required for the making of any local or special repairs.

Based upon this statute the trial court ruled "the City of Wellsville cannot enter into a contract whose amount exceeds the amount of the engineer's estimate." Therefore, the court concluded, the contract between Hardy's and the City was void *ab initio*.

On appeal Hardy's contends the trial court erred in predicating this ruling upon § 88.824 and argues that the contract for improvement of the sewage treatment and disposal process was entered into by the City pursuant to the provisions of Chapter 250 RSMo.1986—Sewerage Systems and Waterworks—City or District. The provisions of Chapter 250 pertinent to this case include § 250.010, authorizing cities to construct, improve or extend a sewerage system. Section 250.040 authorizes five methods whereby a city may pay the cost of sewerage system, including: (1) the expenditure of any funds available for that purpose (general revenue), or (2) from the proceeds of special assessments levied and collected in accordance with law, or (3) from any other funds for that purpose (grants). Section 250.250 provides "this chapter shall be construed as a cumulative and additional grant of power to cities ... and shall not be construed to repeal or modify any other act or statute ... [and] without reference to any other chapter, shall be deemed sufficient authority for the exercise of any powers granted herein...."

Houf seizes upon the phrase in § 250.250 that Chapter 250 "shall not be construed to repeal or modify any other act or statute" and argues that the § 88.824 prohibition

against accepting bids in excess of the engineer's estimate applies in this case. Hardy's, on the other hand, bases its argument on yet another part of § 250.250. It argues that the language "this chapter, without reference to any other chapter, shall be deemed sufficient authority for the exercise of any powers granted herein" renders § 88.824 inapplicable unless the project is to be funded through special assessments.

■ The evidence showed the cost of the project is to be paid through a grant from the Department of Natural Resources and from the City's General Revenue Fund. No special assessment was contemplated nor could it be levied legally as the project is of benefit to the entire City generally not merely to specific property. *Sears v. City of Columbia*, 660 S.W.2d 238, 252[7] (Mo. App.1983); 14 McQuillin, *Municipal Corporations* § 38.324 (3rd ed. 1987 Rev.).

Thus, the dispositive question posed by this case is whether or not § 88.824 is limited in its application to contracts for public works and improvements to be paid through special assessments. We believe the answer is in the affirmative.

■ Nothing in the language of § 88.824, when viewed in isolation, purports to limit its application to instances involving special assessments or special taxation. However, we are required to ascertain legislative intent by construing all the provisions of an entire legislative act together. *Community Federal Savings & Loan Assoc. v. Director of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988). Thus, in construing a particular portion of a legislative act we look also to related clauses. *Marre v. Reed*, 775 S.W.2d 951, 953 (Mo. banc 1989). The title of an act as enacted by the General Assembly is necessarily a part thereof and is to be considered in construing the act. *State ex rel. Mo. Hghwy. & Trans. Comm'n v. Appelquist*, 698 S.W.2d 883, 894 (Mo.App.1985).

■ Chapter 88, as enacted in 1959 by the General Assembly, is entitled "An act ... relating to public works and special assessments...." Mo.L.1959, S.B. 344. Section 88.824 is found amidst other sec-

tions relating to the imposition and collection of special assessments and special tax bills. In construing a predecessor statute with language virtually identical to § 88.824, the Supreme Court stated "[t]he purpose of an estimate is to enable a city acting for the property owners to know how much they are to be taxed for such improvements...." *Pope v. Rich, et al.*, 316 Mo. 1206, 293 S.W. 373, 374 (1927), quoting from *Williams v. Hybskmann*, 311 Mo. 332, 278 S.W. 377. By its express language § 88.824 applies only to "improvements authorized herein". The word "herein" can only refer to Chapter 88 which relates to public works funded by special assessments or special tax bills. We have not been referred to nor has independent research disclosed any authority for the application of the § 88.824 limitation to contracts which are not funded through special assessment or tax bills. On the contrary, as suggested in 13 McQuillin *Municipal Corporations* § 37.60 (3rd ed. 1987 Rev.), the purpose of the requirement that an estimate of cost be obtained prior to the acceptance of bids is to determine the amount of any assessment in cases where the public improvement is to paid for by a special assessment or special taxation.

Accordingly, since the contract between Hardy's and the City did not involve a special assessment or special tax, by declaring it invalid as a violation of § 88.824 the trial court erroneously applied the law.

■ The judgment of the trial court is reversed and the cause is remanded with directions to enter judgment in favor of Defendant City of Wellsville and intervenor, Hardy's, Inc.[1]

STEPHAN, J., and SIMEONE, Senior Judge, concur.

---

1. The motion of Hardy's, Inc., to supplement the record on appeal by filing a copy of a consent judgment entered in the Montgomery County Circuit Court in *State ex rel., The Missouri Clean Water Commission v. City of Wellsville* is denied because the record fails to indicate the trial court took any notice of this judgment.