Ronald MOORE, Respondent,

v.

STATE TAX COMMISSION OF MISSOURI, Appellant.

No. 63435.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 14, 1993.

Aimee L. Smashey, Robert Randall Turley, Jefferson City, for appellant.

David O. Danis, Clayton, for respondent.

GARY M. GAERTNER, Chief Judge.

Appellant, State Tax Commission of Missouri ("Commission"), appeals from a circuit court order overruling the Commission's determination of value of property owned by respondent, Ronald Moore. We reverse and remand with instructions.

On September 7, 1989, respondent filed complaints for review of assessment with the Commission regarding two pieces of property. A prehearing conference in this matter was held on August 30, 1990. At that time, the Assessor of St. Louis County (the "Assessor") submitted an appraisal report as evidence of the value of the parcels of property. Respondent established he would not provide an appraisal report; however, respondent did indicate he intended to testify as to the value of the parcels at the actual hearing. The Assessor filed a motion to preclude such evidence, and on August 30, 1990, the Commission sustained the Assessor's motion, relying on its interpretation of 12 CSR 30–3.060(1) addressing the exchange of appraisal reports. Consequently, at the evidentiary hearing in May of 1991, the Commission refused to consider the valuation evidence offered by respondent, although respondent was allowed to make an offer of proof.

The Commission ultimately affirmed the assessment value of the Assessor, concluding that because respondent failed to offer an appraisal report, the evidence of value respondent did offer was inadmissible. Respondent filed a petition for review with the St. Louis County Circuit Court on March 5, 1992. On December 31, 1992, the circuit court issued an order modifying the decision of the Commission. The court determined that the Commission erroneously interpreted 12 CSR 30–3.060 to require that complainants appearing before the Commission must provide an appraisal report. The court found there was no provision in the regulation requiring a complainant to submit an appraisal report. The circuit court concluded that respondent, as the property owner, properly testified as to the value of the parcels in question and that the Commission erred by not accepting and considering such evidence in its determination of value. The

court ordered that the assessment of true value be changed from $2,070,560 to $1,603,-432. It is from this ruling the Commission now appeals.

We will consider appellant's first two points simultaneously. Appellant contends the circuit court erred in modifying the valuation of the subject parcels because: 1) The Commission correctly interpreted 12 CSR 30–3.060(1) to preclude respondent from offering evidence of value where respondent had not exchanged or offered to exchange an appraisal report; and 2) the Commission's evaluation was based on substantial and competent evidence because the only evidence properly before the Commission was the Assessor's appraisal report which supported the Commission's determination of value. We disagree.

 At the outset, we note that our review of an administrative ruling requires a consideration of the agency's findings and conclusions rather than a review of the judgment of the circuit court. *Kramer v. Mason*, 806 S.W.2d 131, 134 (Mo.App., E.D.1991). Additionally, we acknowledge that in the event of doubt and ambiguity as to the meaning of a statute, this court will consider the construction placed upon the act by the agency in charge of administering said regulation. *Hudson v. State Security Ins. Co.*, 555 S.W.2d 859, 861 (Mo.App., St.L.D., 1977). However, such construction is not binding upon this court, *Id.*, and tax statutes will be strictly construed against the taxing authority and in favor of the taxpayer. *Brown Group, Inc. v. Admin. Hearing Com'n*, 649 S.W.2d 874, 881 (Mo. banc 1983).

Upon a careful analysis of 12 CSR 30–3.060(1), we find the Commission's construction of that regulation to be erroneous. 12 CSR 30–3.060 provides in pertinent part:

**12 CSR 30–3.060 Exchange of Appraisal Reports**

> *PURPOSE: This rule describes the procedures for the exchange of appraisal reports between the parties and guidelines for the composition of the reports.*

(1) As soon as practicable after the filing of an appeal concerning a commercial property with the commission, the parties shall exchange any appraisal reports proposed to be admitted at the evidentiary hearing of the case. The appraisal reports shall be exchanged at the prehearing conference for the case, unless otherwise ordered by the commission. Each party shall also give a copy of its report(s) to the commission at the prehearing conference. The purpose of this rule is to allow for full and fair cross-examination at the evidentiary hearing. Any appraisal reports which have not previously been exchanged in accordance with this rule or which have not been offered for exchange at the prehearing conference will be excluded from admission into evidence at the evidentiary hearing. Any party who has not exchanged or who has not offered to exchange appraisal reports in accordance with this rule will be precluded from offering any valuation evidence at the evidentiary hearing.

Additionally, subsection (A) of this regulation provides detailed guidelines for the preparation and format of these appraisal reports.

 The Commission focuses on the last sentence of the above paragraph and interprets that statement as making the exchange of appraisal reports mandatory for parties wishing to offer other evidence of valuation. We do not read it as such. The last sentence must be read in harmony with the preceding five sentences in that paragraph. *See Harry H. Houf & Sons Contr. v. Wellsville*, 796 S.W.2d 435, 437 (Mo.App., E.D.1990).

 The regulation initially asserts the parties "shall exchange any appraisal reports proposed to be admitted at the evidentiary hearing ... [and that such] appraisal reports shall be exchanged at the prehearing conference ... unless otherwise ordered." As caselaw requires that unambiguous provisions in statutes be given their plain meaning, *Farmers' and Laborers' v. Dir. of Revenue*, 742 S.W.2d 141, 145 (Mo. banc 1987), we find this portion of the regulation to plainly state that *if* appraisal reports are going to be utilized by the parties, the reports must be exchanged prior to the evidentiary hearing. The next provision sets out the purpose of the rule and establishes that the early exchange of appraisal reports is to "allow for

full and fair cross-examination at the evidentiary hearing." Reading this in conjunction with the first sentence, we understand the purpose for the early exchange of appraisal reports is to allow for "full and fair cross-examination" regarding the appraisal reports. The regulation then goes on to state that appraisal reports not exchanged in accordance with this rule will be excluded from the evidentiary hearing and that "[a]ny party who has not exchanged or who has not offered to exchange appraisal reports in accordance with this rule will be precluded from offering any valuation evidence at the evidentiary hearing." Because we must construe the provisions of a legislative act together and attempt to achieve uniformity in that reading, *Com. Fed. Sav. & Loan v. Director of Rev.*, 752 S.W.2d 794, 798 (Mo. banc, 1988), we do not agree with the Commission's interpretation of 12 CSR 30–3.060.

As stated previously, subsection (A) of 12 CSR 30–3.060 provides extensive details for the preparation and format of appraisal reports regarding real property.[1] With this in mind, we read the sentence in issue to require parties submitting appraisal reports to follow the strict guidelines set out in subsection (A). A party who fails to offer an appraisal report prepared in strict conformity with these requirements will be prevented from admitting the faulty report into evidence, as well as precluded from offering any other evidence of value at the evidentiary hearing. We find this interpretation to co-

---

1. Subsection (A) states:

(A) As used in this rule, an appraisal report for real property should be paginated for easy reference and should contain the following elements:

1. A narrative introduction, including:

A. A statement of purpose, including a statement of the property interest being valued;

B. A description of the subject property including, but not limited to, a legal description of the property and any leasehold interests; address, locator number where applicable; land and improvement area; zoning, topography and neighborhood;

C. A statement of the highest and best use of the subject property; and

D. An opinion of the true value in money of the subject property;

2. A statement of the recognized approaches to value with a statement of why each approach was or was not used.

A. An income approach should include:

(I) A complete reconstructed income and expense statement for the subject property showing economic or market values for each of the following elements:

(a) Potential gross income;

(b) Vacancy and collection loss;

(c) Miscellaneous income;

(d) Effective gross income;

(e) Operating expenses; and

(f) Net operating income;

(II) The capitalization method and rate used including all calculations, a narrative explanation of why the capitalization method is appropriate and an explanation of each element of the selected method;

(III) A statement of the applicable tax levy rate;

(IV) Sources of actual and market expense, income and capitalization rate figures and verification for each; and

(V) A final indication of value.

B. A sales comparison approach should include:

(I) The name of the owner(s), the location, date of sale, conditions of sale, land and improvement areas, sales price and source of information for each comparable sale;

(II) A narrative explanation of why the comparable properties were selected for use;

(III) A statement that the sales have been verified and by and with whom they were verified;

(IV) A specific listing of adjustments made; and

(V) A final indication of value including a narrative explanation of why that value was chosen.

C. A cost approach should include:

(I) An opinion of the value of the subject land and a description of the methodology used to arrive at that opinion;

(II) A narrative explanation of whether the replacement cost or the reproduction cost was used and why;

(III) An estimate of the reproduction cost or replacement cost new, including the method used and sources employed to arrive at that estimate;

(IV) The amount and type of depreciation applied with a narrative explanation of why the depreciation was applied and the methods employed; and

(V) A final indication of value.

D. Any other approach to value used should be explained with sufficient specificity to allow all other parties to reconstruct the approach used. A narrative explanation of why the approach was used should be included;

3. A final opinion of value which correlates all approaches used including a narrative explanation of any weighting process used to arrive at that final opinion of value; and

4. The signature of the appraiser.

incide with the bulk of the language in the provision, and more in agreement with existing caselaw. *See Schulze v. C & H Builders,* 761 S.W.2d 219, 223 (Mo.App., E.D.1988) (general rule in this state is that property owner is presumed competent to testify to the value of his property though he does not qualify as an expert).

Additionally, we find this reading compatible with the pamphlet "Your Property Tax Appeal," which is published by the State Tax Commission to aid parties in their appeals before the Commission. Under the heading "Presenting Your Case," the pamphlet states:

> Generally, the best evidence of value for a residential or commercial property is a written report prepared by a competent appraiser. The appraiser who prepares your report should be present at your hearing. Your opinion of value will be considered, especially if it is supported by evidence.

Thus, this leaflet published by the Commission to aid parties in their appeals to the Commission indicates the best evidence of value would be a report prepared by an appraiser; however, the individual's testimony will be considered, and it is especially probative if supported by evidence.

This is exactly how respondent approached his appeal. He decided not to file the written appraisal report. However, he did inform the Commission at the prehearing conference that he intended to offer his own oral testimony and supportive documentation as evidence of value. This approach was sanctioned by the Commission in its pamphlet explaining appellate procedure, and the circuit court's interpretation of 12 CSR 30–3.060 concurs with the procedures provided in the pamphlet. As such, we hold that the ruling of the Commission was not supported by substantial and competent evidence. The Commission should have considered respondent's evidence in its determination of value.

Respondent argues that because the Assessor did not specifically offer the appraisal report as evidence during the hearing, the only evidence of value before the Commission was that offered by respondent in his offer of proof. Therefore, suggests respondent, the determination of value made by the circuit

court must be affirmed, as that determination was made based upon the only evidence properly before the Commission. We agree with respondent's first proposition, but disagree with the second.

■■■ Although the Commission was provided with a copy of the appraisal report at the prehearing conference, the report was never formally offered into evidence at the hearing. RSMo § 536.070 (1988), addressing the receipt of evidence in administrative hearings, provides in pertinent part:

> (2) Each party shall have the right ... to introduce exhibits, ...
>
> \* \* \* \* \* \*
>
> (5) Records and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record, the same as any other evidence.

We also refer the parties to *Mo. Church of Scientology v. State Tax. Comm.,* 560 S.W.2d 837, 839–840 (Mo. banc 1977), wherein the Court determined that 22 proposed exhibits marked and identified, but never offered nor accepted as evidence, were not properly before the Commission and, thus, would not be considered. The Court stated that "[a]lthough technical rules of evidence are not controlling in administrative hearings, fundamental rules of evidence are applicable." *Id.* at 839. The Court found its ruling consistent with the wording of RSMo. § 536.070 (1988) cited above. *See also Consumer Contact Co. v. State, Dept. of Rev.,* 592 S.W.2d 782, 785 (Mo. banc 1980) (Department of Revenue failed to offer text of relevant ordinance into evidence; without the ordinance in evidence, the record was insufficient to support the findings of the agency). Because the hearings provided by the Commission on appeals taken from decisions of the Board of Equalization (the "Board") are de novo, *Koplar v. State Tax Commission,* 321 S.W.2d 686, 693 (Mo.1959), and because the Assessor failed to offer the appraisal report into evidence, we agree with respondent that the only evidence of value before the Commission was that provided by respondent in his offer of proof.

■ However, we find the circuit court's modification as to the value of the subject properties incorrect. We recognize that neither this court nor the circuit court may substitute its judgment for that of the Board. *Beck v. James,* 793 S.W.2d 416, 417 (Mo. App., E.D.1990). Additionally, this court has no authority to make determinations of fact in proceedings which originated in administrative tribunals. *Pratt v. Reed & Brown Hauling Company,* 361 S.W.2d 57, 61 (Mo. App., K.C.D. 1962).[2] As such, we find the trial court's determination of value of the subject properties improper.

The judgment is reversed. The cause is remanded to the circuit court with directions to enter an order in conformity with this opinion and to remand the cause to the State Tax Commission for entry of a value of assessment considering the only evidence properly before the Commission—that provided by respondent through his testimony and supporting documentation.

Reversed and remanded with instructions.

SIMON and PUDLOWSKI, JJ., concur.

2. There are exceptions to this general rule. It has been held that a court may modify the order of the Commission "fixing the amount for which property should be assessed only if the record reveals established facts, i.e., facts standing in the record as 'admitted, proved or conceded,' upon the basis of which the amount may be declared as a matter of law." *Drey v. State Tax Commission,* 345 S.W.2d 228, 236 (Mo.1961). The facts before us are not "established" and remain in dispute. Therefore, this is not such a situation wherein a court may modify the assessment as a matter of law.